UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**THERESA MICHELE BLUE,**

    **Plaintiff,**

v.                                         Case No: 5:25-cv-808-SPC-PRL

**YALE UNIVERSITY, YALE SCHOOL
OF MEDICINE, JAMES VAN RHEE,
JANE MCDANIEL, JACQUELINE
COMSHAW, YALE PHYSICIAN
ASSISTANT ONLINE PROGRAM,
and DOES 1-20,**

    **Defendants.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Permission to File Electronically. (Doc. 4). Plaintiff requests permission to access and file documents electronically through CM/ECF. (*Id.* at p. 1). In support of this request, Plaintiff states that she has access to a computer with a reliable internet connection and has already registered as a PACER user. (*See id.*). She further affirms that she is capable of complying with the Court's rules and procedures for CM/ECF. (*See id.*).

With regard to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is *not* permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (emphasis added); *see also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by

local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing).

In this instance, Plaintiff has not shown good cause or offered any extenuating circumstances as to why she should be permitted to access and file documents in CM/ECF. Therefore, Plaintiff's motion is due to be denied.

However, the Court will permit the Plaintiff to receive electronic notification of filings via email. Generally, a *pro se* litigant can receive electronic notices of filing by email, monitor the docket through PACER,[1] and submit filings in person, by U.S. Mail, or through another delivery service. That said, "the Court in its discretion may grant a pro se party permission to

---

[1] "Any member of the public can access electronic records of the federal courts by registering online with PACER." *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's "Guide for Proceeding Without a Lawyer" provides instructions on how to register for PACER (http://www.flmd.uscourts.gov/pro_se/default.htm).

receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court finds it appropriate to exercise such discretion here. *See id*. (authorizing electronic notification of filings for a *pro se* litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion for Permission to File Electronically (Doc. 4) is **DENIED**.

(2) Plaintiff is permitted to receive electronic notification of filings via email. The Clerk is **directed** to add Plaintiff's email address (theresablue101@gmail.com) to the docket and send all future notices of electronic filing to this email address.

(3) Plaintiff is responsible for notifying the Clerk if she changes her email address. Plaintiff is advised to frequently check her email, as some filings may be time-sensitive. The notices of electronic filing will contain a hyperlink that allows the Plaintiff to view the document for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer provides instructions on how to register for PACER on page 13.[2] Please note that when the Court allows a *pro se* litigant to receive notices of filing by email, the Clerk's office

---

[2] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website at http://www.flmd.uscourts.gov/pro_se/default.htm.

no longer mails paper copies. As a result, Plaintiff is cautioned that she will no longer receive court documents by U.S. mail.

**DONE** and **ORDERED** in Ocala, Florida on December 30, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties