UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THERESA MICHELE BLUE,

     Plaintiff,

v.                                                                                    Case No: 5:25-cv-808-SPC-PRL

YALE UNIVERSITY, YALE SCHOOL
OF MEDICINE, JAMES VAN RHEE,
JANE MCDANIEL, JACQUELINE
COMSHAW, YALE PHYSICIAN
ASSISTANT ONLINE PROGRAM,
and DOES 1-20,

     Defendants.

_____

### ORDER

This cause comes before the Court on Plaintiff's Motion to Clarify or Toll Rule 4(m) Service Deadline While IFP Application Is Pending. (Doc. 6). Plaintiff, proceeding *pro se*, asks for clarification on service of process in this matter while her motion to proceed in forma pauperis (Doc. 2) is pending. (Doc. 6 at pp. 1-2). Upon review, Plaintiff's motion is due to be denied because Plaintiff currently seeks no relief that the Court can grant.

Plaintiff initiated this action by filing a complaint on December 15, 2025. (Doc. 1). Simultaneously with filing the complaint, Plaintiff filed a motion to proceed in forma pauperis (Doc. 2), which is currently pending before the Court. On December 17, 2025, the Court entered an Order for Pro Se Litigants, highlighting some of the commonly applicable rules that *pro se* litigants must follow, including service of process when a court enters an order allowing a *pro se* litigant to proceed in forma pauperis under 28 U.S.C. § 1915. (*See* Doc. 3 at pp. 1-2). Plaintiff now seeks clarification from the Court regarding service of process in this

matter, specifically whether the time to perfect service of process under Federal Rule of Civil Procedure 4(m) is tolled while her motion to proceed in forma pauperis is pending with the Court. (Doc. 6); *see* Fed. R. Civ. P. 4(m).

Substantively, Plaintiff's motion does not seek clarification so much as it seeks legal advice. Regardless, the Court has not yet conducted a frivolity review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether the Plaintiff should be allowed to proceed without paying the filing fee.[1] Should any of Plaintiff's claims survive the required frivolity review, the Court will order service of Plaintiff's complaint at no expense to Plaintiff, and the United States Marshals Service will be directed to serve the proper documents on each of the defendants. (*See* Doc. 3 at p. 2).

Despite proceeding *pro se*, Plaintiff is advised that she is required to comply with this Court's Orders (including its Order for Pro Se Litigants), the Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Moreover, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

Accordingly, Plaintiff's Motion to Clarify or Toll Rule 4(m) Service Deadline While IFP Application Is Pending (Doc. 6) is **DENIED**.

---

[1] To proceed in forma pauperis, the Plaintiff's complaint must state a viable cause of action that satisfies the screening process of 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may pay the filing fee and conduct proper service of process if she wishes to proceed under the complaint.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on March 10, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties