**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**THERESA MICHELE BLUE,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00808-SPC-PRL**

**YALE UNIVERSITY,**

**Defendant.**

______________________________________/

## ORDER

This cause is before the Court on Plaintiff's motion for an extension of time to file an amended complaint (Doc. 28), Plaintiff's motion to amend her amended complaint (Doc. 38), and Plaintiff's unopposed motion requesting limited-purpose pro bono counsel. (Doc. 46).

Defendant has filed a response in opposition to Plaintiff's motion for extension of time (Doc. 36) and Plaintiff has filed a motion for leave to file a reply to this response. (Doc. 39). Defendant has also filed a response in opposition to Plaintiff's motion to amend. (Doc. 43). Finally, the parties have also filed a joint motion to stay discovery pending resolution of Defendant's motion to dismiss. (Doc. 49). Each motion will be addressed in turn below.

### I. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

First, while Plaintiff filed her initial motion for an extension of time to file an amended complaint, asking to extend the deadline from October 13, 2026, to November 3, 2026 (Doc. 28), she then filed a motion to amend her complaint prior to the original deadline and attached the proposed amended complaint. (Doc. 38). Accordingly, Plaintiff's motion for an extension of time (Doc. 28) is **terminated as moot**, and Plaintiff's motion for leave to file a reply to Defendant's response (Doc. 39) is **terminated as moot**.

Plaintiff filed her initial complaint (Doc. 1) and motion to proceed *in forma pauperis* in December 2025. (Doc. 2). The Court took the motion to proceed *in forma pauperis* under advisement and directed Plaintiff to file an amended complaint. (Doc. 10). Plaintiff then filed her first amended complaint in compliance with that order (Doc. 11), and the Court granted her motion to proceed *in forma pauperis*. (Doc. 12). The issue presently in dispute is whether Plaintiff, having already filed one amended complaint at this Court's direction, is entitled to amend her complaint as a matter of right. The parties disagree as to whether Plaintiff is entitled to amend her complaint as of right under Federal Rule of Civil Procedure 15(a)(1), or alternatively, whether amendment is appropriate under Rule 15(a)(2). (Docs. 28, 36, 38, 43).

As relevant here, under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*

While the case law reflects some ambiguity, courts in this circuit have allowed pro se plaintiffs "to directly exercise . . . one amendment as a matter of course" after having already amended pursuant to court order. *E.g.*, *Alexander v. Duval Cnty. Jail*, NO. 3:26-cv-805-MMH-SJH, 2026 WL 1741325, at *1 (M.D. Fla. June 17, 2026) ("It is not entirely clear whether Plaintiff has used his amendment as a matter of course under Rule 15(a)(1) . . . Plaintiff has amended his pleading previously, but that amendment was pursuant to this Court's Order."); *Burley v. Red Roof Inn*, NO. 3:24-cv-459-WWB-SJH, 2025 WL 4634483, at *1 (M.D. Fla. Sept. 25, 2025) (permitting the plaintiff to amend as a matter of course despite having already

amended twice in response to court orders); *Gordon v. Henry Cnty. School Bd. of Educ.*, NO. 1:22-CV-1517-CAP-CCB, 2023 WL 12015510, at *1 (N.D. Ga. July 26, 2023) ("most courts within this circuit have held that, where a plaintiff 'recasts' his complaint at the court's instruction, the plaintiff does not lose his right to amend as a matter of course under Rule 15, particularly where the amendments are filed before service" (citing cases)).

Relatedly, it has also been found that previously obtaining leave to amend under Rule 15(a)(2) does not result in a party waiving the "right to amend once as a matter of course within the parameters of Rule 15(a)(1)" later in the case. *Digit. Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2018 WL 11489597, at *3-4 (M.D. Fla. Sept. 28, 2018). Further, a pro se plaintiff does "not waive [her] right to amend as a matter of course merely because [she] filed a motion to amend instead of amending as a matter of course." *Toenniges v. Ga. Dep't of Corrs.*, 502 F. App'x 888, 889 (11th Cir. 2012) (per curiam).

In alignment with the course of action taken by other courts in this circuit and in an abundance of caution, in this instance the undersigned will allow Plaintiff to directly exercise her right to amend as a matter of course. Any later amendments to the complaint shall require written consent of the opposing parties or leave of Court in accordance with Rule 15(a)(2).

The Court recognizes that, as highlighted by Defendant, the proposed amended complaint has shortcomings. (Doc. 43). However, since this is Plaintiff's amendment as a matter of course, the merits of the amendment are irrelevant, and "the district court lacks the discretion to reject the amended complaint based on its alleged futility." *Toenniges*, 502 F. App'x at 890 (citing *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2009)). Therefore, **the Clerk is directed to file Plaintiff's amended complaint (Doc. 38-1) as a separate docket entry**.

Since Plaintiff will be permitted to file the amended complaint, Defendant's pending motion to dismiss (Doc. 26) is **terminated as moot**. Since the motion to dismiss is no longer pending, the joint motion to stay discovery pending resolution of the motion to dismiss (Doc. 49) is also **terminated as moot**.

## II. PLAINTIFF'S REQUEST FOR THE COURT TO SEEK COUNSEL

Plaintiff has also filed a motion asking the Court to "consider seeking volunteer counsel for the limited purpose of assisting with the identification, retention, coordination, preparation, and appropriate disclosure of specialized forensic expert evidence." (Doc. 46). In this motion, Plaintiff alleges difficulties that have arisen in the course of contacting potential experts seeking their participation in the case and therefore asks the Court to seek an attorney to provide "limited purpose representation concerning the evaluation, retention, coordination, and Rule 26(a)(2) disclosure of appropriate forensic experts, including related confidentiality and discovery issues." (*Id.*).

"A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel," however, the court "should appoint counsel only in exceptional circumstances." *Bass*, 170 F.3d at 1320 (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)); *see also Burgess v. Bradshaw*, 626 F. App'x 257, 259 (11th Cir. 2015) (per curiam) ("Appointment of counsel in a civil case is a privilege that requires exceptional circumstances, such as the presence of facts and legal issues that are so novel and complex as to require the assistance of a trained practitioner." (citing *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993))).

Factors considered by the court in determining whether exceptional circumstances exist are:

> (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting [her] case; (3) whether the litigant is in a position adequately to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Burgess*, 626 F. App'x at 259 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo*, 983 F.2d at 193.

The undersigned finds the Eleventh Circuit's discussion in *Burgess* to be particularly illustrative with respect to the circumstances of the present case. 626 F. App'x. In *Burgess*, the appellant had been actively involved in the litigation, which the court found demonstrated that "he was capable of adequately presenting his case." 626 F. App'x at 260 (noting that the appellant had "submitted an extensive complaint, numerous motions, and two appellate briefs, all of which cite competent legal authority"). Moreover, the appellant in *Burgess* only requested counsel "to hire and coordinate with his forensic expert," and otherwise "wished to remain *pro se*," which the court deemed to be an admission "that the issues were not so complex or difficult that he needed counsel at trial." *Id.* Accordingly, the Eleventh Circuit confirmed that the trial court was within its discretion in denying the appellant's request for counsel. *Id.* at 259-60.

Here, similarly, Plaintiff has been actively involved in this case and has filed a number of motions, which weighs in favor of a conclusion that she does not need assistance "presenting the essential merits of . . . her position to the court." *Burgess*, 626 F. App'x at 260; *Kilgo*, 983 F.2d at 193. Further, like *Burgess*, Plaintiff also makes a request for "limited-purpose

counsel." (Doc. 46 at 1-2) ("Plaintiff does not ask the Court . . . to appoint counsel for every aspect of this case."); *Burgess*, 626 F. App'x at 260. Plaintiff asks the Court to seek counsel only to assist her with matters concerning potential experts. (Doc. 46 at 6-7); *Burgess*, 626 F. App'x at 260. While Plaintiff states in her motion that she is also making her own efforts to obtain counsel, in the present motion she does not argue that appointing counsel for the entirety of the case is necessary based on any complex or novel issues. (Doc. 46 at 4); *see also Kilgo*, 983 F.2d at 193 (exceptional circumstances may include "the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner'" (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987))). Therefore, Plaintiff's limited request also weighs against a finding of exceptional circumstances. *Burgess*, 626 F. App'x at 260.

Additionally, with respect to Plaintiff's ability to adequately investigate and represent her case, at this time Plaintiff has not demonstrated that she will be unable to secure expert witnesses without counsel. *Burgess*, 626 F. App'x at 259 (citing *Ulmer*, 691 F.2d at 213). Plaintiff's present motion merely alleges two instances in which involvement in Plaintiff's case was declined. (Doc. 46 at 2-4).[1] A review of the amended complaint reveals that Plaintiff also brings her allegations based on her own reported experiences. (Doc. 11); *see Smith v. Dep't of Corrs.*, 713 F.3d 1059, 1065 (11th Cir. 2013) (per curiam) (finding that the plaintiff's allegations of "a widespread practice of retaliatory transfers . . . not simply incidents he personally experienced" weighed in favor of appointment of counsel). Accordingly, Plaintiff

---

[1] Indeed, Plaintiff's subsequently filed motion, while not before the Court at this time, states that Plaintiff is pursuing a number of other potential experts. (Doc. 47 at 8-9).

has not demonstrated the existence of exceptional circumstances warranting appointment of counsel. Therefore, Plaintiff's motion (Doc. 46) is due to be **denied**.

## III. RESOURCES FOR PRO SE LITIGANTS

Plaintiff is informed that resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/litigants-without-lawyers). Additionally, the Orlando Chapter of The Federal Bar Association operates a Legal Information Program that is available to litigants in the Ocala Division. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual and in-person appointments are available every Tuesday from 11:00 a.m. to 12:30 p.m. In-person appointments take place in Orlando. To request an appointment, pro se litigants may visit https://outlook.office365.com/owa/calendar/FederalLegalInformationClinicPublicRegistration@clsmf.org/bookings/. For assistance making an appointment, pro se litigants may call the Clerk's Office at (352) 369-4860 or visit the Clerk's Office check-in window.[2] A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.

## IV. CONCLUSION

For the reasons explained above:

(1) Plaintiff's motion to amend the complaint (Doc. 38) is **granted**. The Clerk is **directed to file Plaintiff's amended complaint (Doc. 38-1) as a separate docket entry**.

---

[2] The Clerk's Office is located on the Third Floor of the Golden-Collum Memorial Federal Building and United States Courthouse, 207 Northwest Second Street, Ocala, Florida 34475.

(2) Plaintiff's motion for extension of time to amend the complaint (Doc. 28) is **terminated as moot**.

(3) Plaintiff's motion for leave to file a reply to Defendant's response to the motion for extension of time (Doc. 39) is **terminated as moot**.

(4) Defendant's motion to dismiss (Doc. 26) is **terminated as moot**.

(5) The joint motion to stay discovery pending resolution of the motion to dismiss (Doc. 49) is **terminated as moot**.

(6) Plaintiff's motion for appointment of counsel (Doc. 46) is **denied**.

(7) Finally, Plaintiff has also filed a motion seeking extension of expert deadlines. (Doc. 47). Defendant shall have **14 days** to respond to this motion and shall therefore respond **on or before November 13, 2026**.

**DONE** and **ORDERED** in Ocala, Florida on November 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party